CROLE, Respondent, *vs.* THOMAS, Appellant.

1. No express contract being alleged, a party suing for services rendered can only recover what they are reasonably worth.

*Appeal from St. Louis Law Commissioner's Court.*

*S. A. Holmes,* for appellant.
*A. P. & P. B. Garesché,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was an action in the law commissioner's court, by Crole against Thomas, for work done on board the Carondelet steam ferry boat, as engineer and master, and taking care of ferry flats from 1st June, 1851, to 15th July, at sixty dollars per month. The particulars of the claim were as follows :

" James S. Thomas, to Martin Crole, Dr.

" For work done on board the Carondelet steam-ferry boat as engineer and master, and taking care of ferry flats from June 1st, 1851, to July 15th, at $60 per month, - - - - - - $90 00

" Cr. By cash, - - - - - 10 80

$79 20"

The defendant, in his answer, denied being indebted to the plaintiff in any amount whatever, on account of services done

by the plaintiff in the capacity of engineer and master of the steam-ferry boat, and taking care of flats, from 1st June, 1851, to 15th July, 1851. The defendant stated that, when the plaintiff was employed by him from 1st June, 1851, to 15th July, 1851, the defendant agreed to give him thirty dollars per month, and not sixty, as alleged by plaintiff. He denied having employed the plaintiff between the above periods, as engineer and master : he denied being indebted to plaintiff, and averred that plaintiff owed him the sum of eleven dollars and nine cents, as appeared by the account taken from the account book kept by plaintiff while employed on the steam-ferry boat, &c., and set out the account. The trial was had before the law commissioner, without a jury, who found the defendant was indebted to the plaintiff in the sum of forty-six dollars and forty cents.

The defendant moved for a new trial, and it was granted. On the second trial, the jury rendered a verdict against the defendant for seventy-nine dollars and twenty cents. He again moved for a new trial, which being refused, the case was brought to this court. The judgment was reversed and the cause remanded. In March, 1853, the case was again submitted to a jury, who found for the plaintiff seventy-five dollars and twenty cents. The defendant again moved for a new trial, which being overruled, he appealed to this court.

1. The point relied on for the reversal of the judgment, consists in the refusal of the court below to give the following instruction :

" The jury are instructed that the plaintiff's petition does no allege any express contract between plaintiff and defendant, and that, under such petition, plaintiff is only entitled to be allowed in the account, for the time alleged in his petition, according to the value of the services actually rendered."

It was proper to give this instruction, for the petition does not allege any special contract, and the plaintiff could only recover what his services were reasonably worth ; and unless the court gave instructions covering the ground of this one,

the judgment below should not stand. The first instruction given is as follows :

1. " The jury are instructed, that any inference that the plaintiff continued as engineer, may be rebutted by facts and circumstances, showing that after the 1st day of June, 1851, the plaintiff acted as watchman and not engineer, and that the services rendered were those of a watchman and not of an engineer."

2. " The jury are instructed that, if the services rendered were those of a watchman and not of an engineer, during the time the boat laid up, then the plaintiff is entitled to be allowe in the account between plaintiff and defendant, only such sum as the services were worth, in the absence of an express contract to pay as for an engineer's services. The burden of showing any such contract lies upon the plaintiff."

In the opinion of this court, these two instructions given sufficiently cover the ground assumed in the instruction refused, and therefore these instructions do away with the error of the refusal.

The jury were told that any inference that the plaintiff continued as engineer, may be rebutted by facts and circumstances showing that the plaintiff acted as watchman after the boat laid up, and not as engineer, and that, if the services were rendered as watchman and not as engineer, then the plaintiff can only be allowed such sum as the services were worth, in the absence of an express contract, and that the burden of showing that there was such a contract, was on the plaintiff. An intelligent jury might well understand the law of the case from these instructions, and could easily apply the same to the facts in proof before them.

The judgment of the court below is affirmed, the other judges concurring.